Trevor J. Stefano
ACOMS # 506410
Goose Creek Correctional Center
P.O. Box 877790
Wasilla, Alaska 99687-7790
(907) 864-8100


RECEIVED
SEP 06 2013
CLERK U.S. DISTRICT COURT
ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

Trevor J. Stefano,

    Plaintiff,

v.

Amy Rabeau, Superintendent;
Chris Olson; and
Jason Brown, P.O. III,

    Defendants.

Case No. 3:13-cv- 00175 SLG-___

### COMPLAINT AND JURY TRIAL DEMAND

#### Jurisdiction

1. Jurisdiction is invoked under 28 U.S.C. § 1331 and § 1367.

#### Parties

2. **Plaintiff** Trevor J. Stefano. Stefano is a resident of Alaska, and a prisoner incarcerated under an Alaska judgment. Stefano is located at Goose Creek Correctional Center, P.O. Box 877790, Wasilla, Alaska 99687-7790.

3. **Defendant No. 1** Amy Rabeau. Rabeau is the superintendent at Goose Creek Correctional Center. Rabeau is located at Goose Creek Correctional Center, P.O. Box 877790, Wasilla, Alaska

Complaint and jury trial demand
Stefano v. Rabeau, et al.
Case No. 3:13-cv-_____-_____     Page 1 of 9

Case 3:13-cv-00175-SLG   Document 1   Filed 09/06/13   Page 1 of 10

99687-7790

4. **Defendant No. 2** Chris Olson (Olson) is the Education Supervisor for the Dep't of Corrections. Olson is located at Department of Corrections - Office of the Commissioner, 515 E. Dahila Street, STE 240, Palmer, Alaska 99645.

5. **Defendant No. 3** Jason Brown (Brown) is a level three probation officer for the Dep't of Corrections. Brown is located at Goose Creek Correctional, P.O. Box 877790, Wasilla, Alaska 99687-7790.

## Cause of Action

### CLAIM 1: 42 U.S.C. 1983 - Retaliation

6. On July 26, 2012, Probation Officer Keith M. Friel reviewed Stefano's rehabilitation needs, and found that an out-of-state transfer would greatly impede Stefano's rehibilitation needs. The Probation Officer's recommendation was overrode, and Stefano was classified for out-of-state transfer.

7. On September 13, 2012, Director of Institutions Bryan Brandenburg denied Stefano's out-of-state transfer appeal.

8. On September 17, 2012, Stefano filed an Administrative Appeal in Anchorage Superior Court, and moved for an injunction to prohibit the Dep't of Corrections from transferring Stefano to the out-of-state prison in Hudson, Colorado.

Complaint and jury trial demand
Stefano v. Rabeau, et al.
Case No. 3:13-cv_____-_____                                Page 2 of 9

Case 3:13-cv-00175-SLG   Document 1   Filed 09/06/13   Page 2 of 10

9. On October 19, 2012, Anchorage Superior Court Judge Mark Rinder found that an out-of-state transfer might impair Stefano's constitutional right to rehabilitation and that an evidentiary hearing was needed to resolve the issue. Pending such a hearing the Superior Court ordered that Stefano was not to be transferred out-of-state.

10. The case was ultimately resolved by stipulation of the parties. The Department had agreed not to transfer Stefano to the out-of-state private prison facility.

11. On or about November 11, 2013, Stefano was transferred from Spring Creek Correctional Center to the new Goose Creek Correctional Center. Upon arrival at the new facility, Stefano immediately had problems obtaining his personal property, issues with vistation hours, and receiving timely responses from **defendant No. 3** (Brown) when submitting request for interviews. The problems resulted in Stefano filing several grievances that complained of the improper withholding of his personal property, that visitation hours were not sufficient as required by Dep't of Corrections own policy and procedure, and that **defendant No. 3** (Brown) was not responding to request for interviews in a timely manner, if at all. Stefano prevailed on about half of the filed grievances.

12. Around the beginning of January, 2013, Stefano was hired into the education department at Goose Creek. Stefano was hired as Computer instructor.

13. On April 10, 2013, Stefano was attending his LSSAT class, as

Complaint and jury trial demand
Stefano v. Rabeau, et al.
Case No. 3:13-cv-_____-_____                                    Page 3 of 9

Case 3:13-cv-00175-SLG   Document 1   Filed 09/06/13   Page 3 of 10

he did every Monday through Thursday at 8:30 am to 12:00 pm. During this period of time Inmate Holton filled in for Stefano in the computer room.

14. At about 9:00 am on April 10, 2013, Stefano was approached by several correctional officers. Ultimately Stefano was detained by correctional officer Mosley, and escorted to punitive segregation. Approximately two days later Stefano was given an incident report indicating that certain inmates were caught on camera breaking into multiple desktop computers that were staged against a wall, and not hooked up, to remove motors for tattoo purposes. The report further indicated that Stefano was not in the room when this took place but he was nevertheless responsible for all incidences and damages occuring in his work area.

15. At Goose Creek there are two levels of segregation, (1) Administrative Segregation which houses inmates that are deemed to be a threat to the security of the facility, but have not been sanctioned after a hearing to punitive segregation time, and (2) Punitive Segregation which houses those inmates that are being disciplined for their bad behavior. the difference between the two types of segregation is that in Administrative Segregation an inmate is allowed the same property as a general population , with the exception just a few items, While the other only allows hygiene items to be retained by the inmate.

Complaint and jury trial demand
Stefano v. Rabeau, et al.
Case No. 3:13-cv-_____-_____                                      Page 4 of 9

Case 3:13-cv-00175-SLG   Document 1   Filed 09/06/13   Page 4 of 10

16. Stefano was taken directly to punitive segregation under the order of Lt. Brumsfiel without being provided a disciplinary hearing and finding of guilty. Stefano spent the next ten(10) days in Punitive Segregation.

17. On April 18, 2013, Stefano was provided a disciplinary hearing, and found **not guilty.**

18. On April 20, 2013, Stefano was released from the Punitive Segregation unit. Stefano went back to the education department to inquire about getting his job back. Ms. Michelle Knittle informed Stefano that the computer lab had been closed down due to the damaged computers, thereby eliminating Stefano's job position. However, as inmate Holton had been found guilty of the damage, the office assistance job was open, and Stefano accepted the job.

19. Over the next several weeks administrative staff performed weekly inspections of the education department. During the inspections Superintendent Amy Rabeau as well as P.O. Jason Brown observed Stefano working on one of the inmate computers. On a couple of occasions Ast. Superintendent Kohut and Lt. Brumsfiel briefly talked with Stefano.

20. On May 6, 2013 Stefano wrote and sent a letter to P.O. V Keith Thayer expressing that he was having difficulties with the probation department at Goose Creek and specifically that he was in fear of being retaliated against by P.O. Brown, **defendant No. 3.** Stefano received no response. See letter to Keith Thayer filed herewith as Exhibit D.

Complaint and jury trial demand
Stefano v. Rabeau, et al.
Case No. Case 3:13-cv-00175-SLG  Document 1  Filed 09/06/13  Page 5 of 10  Page 5 of 9

21. On or about May 14, 2013, Stefano was fired from his job by Ms. Knittle. Ms. Knittle told Stefano that she could not tell him why he was being fired, but that she had been told by her supervisor that she was to fire Stefano.

22. On or about May 16, 2013, Stefano went to the education department to complete some edits that his professor from the University of Alaska Fairbanks had sent to Ms. Knittle. Stefano was told that he could no longer be in the education office, and was placed in a classroom with a loptop. After completing the revisions, Stefano returned the laptop without damage.

23. Sometime in June of 2013, Ms. Knittle contacted Stefano's criminal attorney. Ms. Knittle informed the attorney that the Superintendent, Amy Rabeau , along with Chris Olson and Jason Brown, P.O. III, had called her to a meeting. <u>Affidavit of Michelle Knittle</u>, p. 6 ¶ 18. The trio informed Ms. Knittle that even though Stefano had been found not guilty of the damage caused to the computers, that he was actually guilty. The trio also informed Ms. Knittle that Stefano and his family were constantly causing problems for Goose Creek and the Department of Corrections, such as, complaining, lodging grievances, and filing litigation. Ms. Knittle further explained that Rabeau named both Stefano's mother and grandmother as family members that constantly caused trouble in this manner.

Complaint and jury trial demand
Stefano v. Rabeau, et al.
Case No 3:13-cv-_____-____                                          Page 6 of 9

Case 3:13-cv-00175-SLG   Document 1   Filed 09/06/13   Page 6 of 10

24. Ms. Knittle informed the attorney that Stefano's firing from the education department was without cause.
25. Ms. Knittle informed the attorney that she was fired for assisting Stefano in completing required revisions to his post-secondary education school work, because she had allowed Stefano to use a computer to make the revisions.
26. Ms. Knittle informed the attorney that Brown stated "Stefano is a criminal and gave up his rights when he committed his crimes and should only be allowed a pencil and paper" to finish the class. Aft. Knittle, p. 8-9 ¶ 25.
27. Ms. Knitlle was directed to Stefano's mother for providing an affidavit attesting to the statements.
28. Ms. Knitlle contacted Stefano's mother Jackie Stefano who obtained an affidavit attesting to the facts. See Affidavit of Michelle Knittle filed herewith as Exhibit A.
29. On July 16, 2013 Stefano submitted request for interviews (cop-outs) to both the probation department and the Assistant Superintendent/Security expressing his fear of being retaliated against by correctional officers. Stefano stated that he was being "hassled" by officers about the broken computers and he requested a transfer to a different facility. Stefano was told that if he did not feel safe that he should notify staff immediately despite the fact that was what he did by submitting the cop-outs. See cop-outs filed herewith as Exhibits F and G.
30. Over the last several weeks Stefano has attempted to complete his English 212 college class. Stefano has been met with

Complaint and jury trial demand
Stefano v. Rabeau, et al.
Case No. 3:13-cv_____-_____                    Page 7 of 9

Case 3:13-cv-00175-SLG   Document 1   Filed 09/06/13   Page 7 of 10

opposition all the way, including unnecessary delays in access to the word processor needed to complete the course. This has now required Stefano to request an extension from the college as being he will not be able to complete it before the experation date of the class. See letter from UAF filed herewith as Exhibit B.

31. Other than repeatedly going to the education department to attempt to get access to the word processor, Stefano is now in fear of filing a prisoner grievance because the staff will most likely retaliate against him for doing such. After experiencing punitive segregation without a hearing and without cause, Stefano is not ambitious to repeat the experience.

32. It is the Dep't of Corrections policy that the Dep't will encourage prisoners to continue their education and that the Dep't will implement an achievement recognition program that acknowledges a prisoner's accomplishments. It is further the Department's policy that onsite tutorial assistance and necessary supplemental instruction will be provided for prisoners engaged in post-secondary education. Policy establishes the Dep't of Corrections will make available a post-secondary degree program for prisoners at designated sentenced facilities. Dee Dep't of Corrections Policy and Procedure Index # 813.01 filed herewith as Exhibit C.

33. Goose Creek Correctional Center is a sentenced facility.

34. Stefano is not being encouraged to continue his education.

Complaint and jury trial demand
Stefano v. Rabeau, et al.
Case No. 3:13-cv_____-_____

Page 8 of 9

Case 3:13-cv-00175-SLG   Document 1   Filed 09/06/13   Page 8 of 10

35. Stefano is afraid to further engage in the grievance process that he may be further retaliated against for the exercising of his First Amendment right.

### Prayer for Relief

36. Stefano is seeking an award of punitive and compensatory damages in the amount of $250,000.00; $75,000.00 from **defendant No. 1**, $75,000.00 from **defendant No. 2**, and $100,000.00 from **defendant No. 3**. This amount is being sought from the defendants in a personal capacity for their willfull and malicious actions towards Stefano and for their reckless disregard and callous indifference to Stefano's rights and his attempts at positive reformation.

37. Stefano brings this complaint in good faith believing that the evidence and allegations presented meet the standards of establishing a prima facie case thereby entitiling him to relief.

*Trevor J. Stefano*
Trevor J. Stefano
ACOMS # 506410
Goose Creek Corr. Center
P.O. Box 877790
Wasilla, Alaska 99687-7790

Complaint and jury trial demand
Stefano v. Rabeau, et al.
Case No. 3:13-cv_____-____                                  Page 9 of 9

Case 3:13-cv-00175-SLG   Document 1   Filed 09/06/13   Page 9 of 10

neopost
09/05/2013
US POSTAGE
FIRST-CLASS MAIL
$03.32⁰
ZIP 99654
041L11229247

Trevor Son Stefano #506410
Goose Creek Correctional Center
P.O. Box 877790
Wasilla, Alaska 99687

United States District Court
For The District of Alaska
Anchorage Federal Court House
222 W. 7th Ave. #4
Anchorage, AK 99501